IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01359-LTB-PAC

GREAT NORTHERN INSURANCE COMPANY, a Minnesota corporation,

    Plaintiff,

v.

THE GREAT INDOORS,

    Defendant.

---

ORDER GRANTING THE GREAT INDOORS' MOTION FOR LEAVE
TO DESIGNATE NON-PARTIES AT FAULT

---

O. Edward Schlatter, United States Magistrate Judge

    This is a subrogation action by an insurer to recover monies paid to the insured as a result of the defendant's alleged negligence.  A July 24, 2006 Order of Reference referred this case to former Magistrate Judge Patricia A. Coan to conduct pretrial proceedings.  Upon Magistrate Judge Coan's retirement, I  assumed her caseload pending the hiring of a new United States Magistrate Judge.   The matter before me is Defendant The Great Indoors' Motion for Leave to Designate Non-Parties at Fault (Doc. #11), filed December 22, 2006.  The motion is fully briefed and is ripe for determination.

    Plaintiff alleges that its insured purchased a sink and faucet system from a Great Indoors store located in Arapahoe County, Colorado,  in July 2001.  An employee of the store installed the sink and faucet system in the insured's residence.  Approximately four years later, the water supply line which connected to the bathroom faucet detached while the insured was out of town, causing water to flood the residence, and resulting in significant damage to the residence and to the insured's personal property. Plaintiff paid monies to, and on behalf of, the insured, for losses sustained as a result of the water

damage, pursuant to the insured's homeowner's insurance policy.  Plaintiff now sues to enforce its subrogation rights, claiming that the Great Indoors was negligent in failing to properly install the faucet and sink system.  (*See, generally,* Compl., at ¶¶6-13)

The Great Indoors seeks leave to designate BrassCraft, Inc. and Price Pfister, Inc. as non-parties at fault in this action, pursuant to COLO.REV.STAT. ("C.R.S.") 13-21-111.5(3)(b).  Defendant's proposed Designation of Non-Parties at Fault states:

> BrassCraft and/or Price Pfister, Inc. may be wholly or partially at fault for Plaintiff's alleged damages, if any.  BrassCraft and/or Price Pfister, Inc. may have breached their duty of care by failing to properly warn consumers of the risks of failure by using a plastic connection nut in the faucet system at issue or overtightening a plastic connection nut, thereby exposing Dr. Marc Gattiker to unreasonable and unnecessary damages.

Defendant's Motion, Ex. A.

II.

Section 13-21-111.5(3)(b), C.R.S., (2005) provides:

> Negligence or fault of a nonparty may be considered . . . if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault. Designation of a nonparty shall be subject to the provisions of section 13-17-102.

The statutory provision allows a defendant in a civil action to designate as a nonparty at fault an individual or entity "wholly or partially at fault" for the damages alleged by the plaintiff.  "The designation ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126,

2

1128 (Colo.App.2002)(citing *Stone v. Satriana*, 41 P.3d 705 (Colo.2002)).

The defendant must file a pleading that complies with §13-21-111.5(3)(b), C.R.S., before the fact-finder may consider the negligence or fault of a nonparty. *Thompson v. Colo. & Eastern R.R. Co.*, 852 P.2d 1328, 1330 (Colo.App.1993); *Chavez v. Parkview Episcopal Medical Cntr.*, 32 P.3d 609, 612 (Colo. App. 2001).

Plaintiff first argues that defendant's motion for leave to designate non-parties at fault should be denied as untimely. The Scheduling Order deadline for defendant's designation of non-parties at fault was December 11, 2006. Defendant represents that good cause exists for extension of the deadline because "[t]hrough recent investigation with experts, [defendant] has been made aware that BrassCraft and/or Price Pfister may have failed to properly instruct on the installation of their products [as described specifically in the proposed designation of non-parties at fault]."[1] Defendant's Motion, at 2. The Scheduling Order deadline for completion of discovery is April 12, 2007. Because plaintiff has not alleged that it would be prejudiced by the designation of non-parties at fault eleven (11) days after the deadline, I decline to deny The Great Indoors' motion as untimely.

Accordingly, I next consider whether The Great Indoors has complied with Colorado's statutory requirements for designating non-parties at fault. Those requirements were addressed in *Redden v. SCI Colo. Funeral Services, Inc.*, 38 P.3d 75 (Colo. 2001). The Colorado Supreme Court held:

> [T]o satisfy the third element of §13-21-111.5(3)(b), a party must allege the basis for believing the non-party legally liable

---

[1] I note that the proposed Designation of Non-Parties at Fault does not specifically identify BrassCraft or Price Pfister, Inc. as "manufacturers" of the faucet and water supply line. *See* Plaintiff's Response, at 2. Presumably, this was an unintentional oversight by the Defendant.

>     to the extent the non-party's acts or omissions would satisfy all
>     the elements of a negligence claim.  A designation that alleges
>     only causation is insufficient as a matter of law, and in such
>     circumstances, as here, a trial court's order to strike is proper.

*Redden*, 38 P.3d at 81.

Although *Redden* was a professional negligence action, the Tenth Circuit has interpreted its holding as governing non-party designations in all cases where the Colorado apportionment statute applies.  *See Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1278 (10th Cir. 2005)(stating, in case involving claims of sale of a defective product, failure to warn and negligence, that "[t]o satisfy [§13-21-111.5(3)(b), C.R.S.], the party must `allege the basis for believing the nonparty is legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a [  ] claim'")(quoting *Redden*, 38 P.3d at 81)  At a minimum, the designation of a non-party at fault "must set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the nonparty's fault." *See FDIC v. Isham*, 782 F.Supp. 524, 530 (D.Colo. 1992)(Babcock, J.).

The person or entity designated under §13-21-111.5(3)(b), C.R.S., must owe, or have owed, a duty recognized by the law to the injured plaintiff.  *See Miller v. Byrne*, 916 P.2d 566, 578 (Colo.App. 1995).

Plaintiff argues that I should deny defendant's motion to designate BrassCraft and Price Pfister, Inc. as non-parties at fault because neither entity owed a duty to warn others of a risk of over tightening the water supply line nut to the faucet connector.  Plaintiff maintains that "there appears to be no dispute that the supply line failed at the nut because it was overtightened."  Plaintiff's Response, at 2.

The issue of the existence of a legal duty is a question of law to be determined by

4

the court. *Connes v. Molalla Transport System, Inc.*, 831 P.2d 1316, 1320 (Colo. 1992); *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 465 (Colo. 2003). Whether such a duty has been breached is a question of fact. *See Taco Bell, Inc. v. Lannon,* 744 P.2d 43, 50 (Colo. 1987); *Hall v. McBryde by and through McBryde*, 919 P.2d 910, 913 (Colo.App. 1996).

"When a manufacturer or seller knows or should know of unreasonable dangers associated with the use of its product and the dangers are not obvious to product users, a manufacturer has an obligation to warn of the dangers and a breach of that obligation constitutes negligence." *Mile Hi Concrete, Inc. v. Matz*, 842 P.2d 198, 203 (Colo.1992) (citing *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 198 (Colo.1984)); *see, also, Fibreboard Corp. v. Fenton*, 845 P.2d 1168, 1175 (Colo. 1993)("Under a negligence theory a plaintiff is required to prove that a manufacturer's failure to warn of a risk fell below an acceptable standard of care.")

Plaintiff asserts that the danger of over-tightening a nut should be obvious to an individual working for The Great Indoors who has experience installing faucet systems to supply lines. *See Claytor v. General Motors Corp.*, 286 S.E.2d 129, 132 (S.C. 1982)(rejecting failure to warn claim because it is "common knowledge," and certainly within the knowledge of a mechanic for an automobile dealer, that if one applies excessive force to a nut, the continued pressure would strip the threads on the nut and/or bolt or crack the bolt).

The Great Indoors responds that there is no agreement between the parties about the cause of the supply line failure. Defendant maintains that BrassCraft and Price Pfister had a duty to warn consumers of the risks of failure by using a plastic connection nut in the

5

faucet system or over-tightening a plastic connection nut.

In determining whether an unreasonable danger[2] associated with the use of a product is "obvious" to product users, it is appropriate to consider the professional or amateur status of the user; however, the user's status is not determinative. *Halter v. Waco Scaffolding and Equipment Co.,* 797 P.2d 790, 794 (Colo.App. 1990), *cert den.; see, also*, *Laaperi v. Sears, Roebuck & Co., Inc.*, 787 F.2d 726, 731-32 and n.3 (1st Cir. 1986) (applying Massachusetts law)(concluding that consumer expertise was not relevant to legal standard for obviousness in determining whether defendant had a duty to warn about danger of fire-related power outage causing incapacitation of smoke detector and that issue of obviousness was a question of fact for the jury under the circumstances).  If the evidence is undisputed "that the user actually knew of the danger or that, based on the user's special expertise and the circumstances of the transaction, the [manufacturer] reasonably could have believed that he knew of the danger," the manufacturer was under no obligation to warn of the danger because it was obvious. *Halter*, 797 P.2d at 794.

There is no evidence before me about the installer's knowledge and expertise, or about the circumstances of the installation.  I thus cannot conclude, at this early stage of the proceedings, that the existence of a duty to warn users about unreasonable dangers associated with the use of their products on the part of BrassCraft and Price Pfister, Inc. is foreclosed.  If the evidence establishes at the close of discovery that no such duty exists, or that there is otherwise no evidentiary basis upon which to attribute fault to one

---

[2]At this time, plaintiff does not dispute the other elements establishing defendant's duty to the plaintiff.

or both of the non-parties under Colorado's apportionment statute,[3] plaintiff may file a motion to strike Defendant's Designation of Non-Parties at Fault under Fed.R.Civ.P. 56. Accordingly, it is

**HEREBY ORDERED** that Defendant The Great Indoors' Motion for Leave to Designate Non-Parties at Fault (Doc. #11), filed December 22, 2006, is **GRANTED**.  It is

**FURTHER ORDERED** that Defendant The Great Indoors' Designation of Non-Parties at Fault Pursuant to C.R.S. §13-21-111.5, submitted to the court as Ex. A to Doc. #11, is **REJECTED** for defendant's failure to specifically identify BrassCraft and Price Pfister, Inc. as manufacturers of the faucet and water supply line.  Defendant shall file its amended Designation of Non-Parties at Fault by **January 24, 2007**.

Dated January 22, 2007.

BY THE COURT:

s\ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge

---

[3]The Great Indoors must present sufficient evidence at trial of BrassCraft's and Price Pfister, Inc.'s liability for failure to warn before the court is obligated to instruct the jury as to nonparty liability. *Barton v. Adams Rental, Inc.*, 938 P.3d 532, 534 (Colo. 1997).